## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MAINE

Daniel Chase

            v.                          Case No. 23-cv-296-JNL

Frederick Costlow,
The City of Bangor,
John C. Nivison, and
John A. Woodcock, Jr.

### REPORT AND RECOMMENDATION

Plaintiff Daniel Chase, appearing pro se, has sued the City of Bangor ("the City"), an attorney who represented the City in a prior lawsuit brought by Mr. Chase, and the United States District Judge and Magistrate Judge who presided over that suit. See Chase v. City of Bangor, et al., No. 20-cv-00287-JAW (D. Me. filed Aug. 6, 2020) ("Chase I").  Before the court are motions to dismiss filed by the City and its attorney, defendant Frederick Costlow. (Doc. Nos. 12 and 15).  Those motions have been referred to the undersigned Magistrate Judge for a Report and Recommendation.[1]  As explained more fully below, the motions should be granted based on  Mr. Chase's failure to state a claim upon which relief can be granted.

---

[1]Following the recusal of all judges in the District of Maine, this case was referred to a judge sitting in the District of New Hampshire. See Referral Order (Doc. No. 8).

## **Procedural Background**

In Chase I, Mr. Chase sued several Bangor police officers,
a county Deputy Sheriff and the City, essentially claiming he
was a victim of excessive force during a traffic stop.  In April
2021, Magistrate Judge Nivison recommended that the court grant
in part and deny in part the defendants' motion to dismiss.
Chase I; Doc. No. 18.  Judge Woodcock subsequently affirmed that
decision.  Chase I; Doc. No. 34.  In November 2021, Magistrate
Judge Nivison recommended granting summary judgment on the
claims remaining in Chase I; Doc. No. 41.  Judge Woodcock
affirmed the recommendation on March 7, 2022 (Doc. No. 44), and
judgment issued in the defendants' favor the same day. (Doc. No.
45). Mr. Chase unsuccessfully sought reconsideration (Doc. No.
46) and oral argument (Doc. No. 49).  See Order (Doc. No. 51).
Finally, on June 14, 2023, the court denied Mr. Chase's motion
to orally petition the court for further relief. (Doc. No. 53).
Mr. Chase did not appeal the judgment in Chase I.

Mr. Chase filed this lawsuit on July 28, 2023. See Compl.
(Doc. No 1). Although asserting violations of numerous statutes,
regulations and treaties, the complaint contained no factual
allegations.  Mr. Chase sought relief in the form of "[a] new
trial based on the fundamental right of a meaningful access to
the judiciary."  Id. at 5.  After the defendants filed their
respective motions to dismiss, Mr. Chase submitted a "revised

complaint." (Doc. No 17). Construing the complaint liberally
as the court is required to do, Mr. Chase alleges that Costlow,
as an agent of the City, violated his rights under the Americans
With Disabilities Act during Chase I, rendering both liable.

## Standard of Review

The defendants assert that Mr. Chase's complaint should be
dismissed for failing to satisfy numerous provisions of the
Federal Rules of Civil Procedure.[2]  Because it is dispositive,
the court focusses on Fed. R. Civ. P. 12(b)(6).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move to
dismiss a claim for "failure to state a claim upon which relief
can be granted." In reviewing a motion to dismiss under Rule
12(b)(6), a court "must evaluate whether the complaint
adequately pleads facts that 'state a claim to relief that is
plausible on its face.'" Guilfoile v. Shields, 913 F.3d 178, 186
(1st Cir. 2019) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570 (2007)). In doing so, a court "assume[s] the truth of
all well-pleaded facts and give[s] the plaintiff the benefit of
all reasonable inferences therefrom." Id. (quoting Thomas v.

---

[2]The defendants also rely on Fed. R. Civ. P. 8 (requiring a
complaint to include a "short plain statement" regarding the
court's jurisdiction and the claims for relief), Rule 10(b),
regarding numbering and content of paragraphs, and Rule 11
(requiring plaintiff's signature, evidentiary support for claims
and allowing for sanctions for frivolous claims).  As the
court's decision relies on Rule 12(b)(6), it does not address
these additional bases for dismissal.

Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008)). The complaint, however, may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." Young, 717 F.3d at 231. Rule 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To evaluate the sufficiency of the complaint, therefore, a court must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" Zell v. Ricci, 957 F.3d 1, 7 (1st Cir. 2020) (alteration omitted) (quoting Zenon v. Guzman, 924 F.3d 611, 615–16 (1st Cir. 2019)).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" Waterman v. White Interior Sols., No. 2:19-cv-00032-JDL, 2019 WL 5764661 at *2, (D. Me. Nov. 5, 2019) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

4

## Discussion

The thrust of Mr. Chase's claims against Costlow and the
City is that in Chase I, Costlow, in his role as City's
attorney, did not reasonably accommodate Mr. Chase's
neurocognitive disabilities because Costlow used "legalese,"
rather than "Modern English" that Mr. Chase could more readily
understand. Mr. Chase's claims against the City hinge on
Costlow's serving as agent for the City in Chase I.[3]  As
explained below, Mr. Chase's factual allegations do not support
an ADA claim.

The ADA forbids discrimination against persons with
disabilities in three major areas of public life: employment,
which is covered by Title I; public services, programs, and
activities, which are the subject of Title II; and public
accommodations, which are covered by Title III.  See Tennessee
v. Lane, 541 U.S. 509, 516–17 (2004). Mr. Chase does not allege
that he was an employee of either Costlow or the City.  Nor does
he allege that either Costlow or the City denied him the
benefits of public services, programs, or activities.  The court
is unaware of any authority that supports Mr. Chase's implicit

---

[3]The court notes that Mr. Chase's complaints and other
submissions contain an extensive amount of legal vocabulary,
Latin words/phrases, and citations to provisions of the Federal
constitution and treaties, cases, statutes, and administrative
rules.

position that defending against a lawsuit is a service, program, or other activity provided or made available by the City.

Although Mr. Chase's amended complaint contains many allegations regarding the City's communication obligations during Chase I, the allegations are, in fact, legal conclusions. The ADA does not require, as Mr. Chase alleges, the City and/or its attorney to "translate" the Federal Rules of Civil Procedure for the benefit of an individual who sued the City.  Any suggestion that Costlow, as the City's attorney, has an obligation to assist an adverse party in litigation is unsupported by law.

Costlow certainly had obligations when filing pleadings, but those obligations are to the client and the Court, as well as his professional and ethical obligations.  As an attorney for the City, however, Costlow does not owe a duty to Mr. Chase as the opposing party. See Barnes v. McGough, 623 A.2d 144, 146 (Me. 1993) ("an attorney owes no duty to his client's adversary."). See also Davis v. Theriault, No. 1:22-CV-00275-JDL, 2023 WL 5628193, at *61 (D. Me. Aug. 31, 2023) (citing Pacheco v. Libby O'Brien Kingsley & Champion, LLC,  288 A.3d 398, 400 n.3 (Me. 2022) (affirming the dismissal of a negligent infliction of emotional distress claim against a law firm because the firm owed no duty of care to the opposing party in a civil matter)); Mackerron v. Downing, 534 A.2d 359, 360- 661

(Me. 1987) ("It is impossible to reconcile the duty of an attorney to advocate zealously the interests of his client, as recognized by [Maine] bar rules . . . and the duty that [plaintiff] would have us impose" [on opposing counsel]).

Additionally, Mr. Chase seeks to hold Costlow responsible for the district court's failure to find a translator from "language of Limited Diffusion" to "Modern English." Am. Compl. (Doc. No. 17) at 19. But there is no legal authority suggesting that an attorney in Costlow's position bears responsibility for providing requested accommodations if the court fails to grant a plaintiff's requests.

Ultimately, neither the City – as an adverse party in litigation against Mr. Chase -- nor Costlow – as the attorney representing the City in that litigation, had an obligation to provide Mr. Chase with any accommodations during <u>Chase I.</u> Nor were they responsible for any decisions made by the court with regard to accommodations. Defendants' motions to dismiss should therefore be granted pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted.[4]

---

[4]Because the court resolves defendants' motion pursuant to Rule 12(b)(6), it does not reach their arguments for application of res judicata.

**Conclusion**

Based on the foregoing, defendants' motions to dismiss (Doc. Nos. 12 and 15) should be granted. Defendants' request for sanctions should be denied.  Should the district court accept this recommendation, plaintiff's motion for hearing (Doc. No 19), motion moving the court to consider (Doc. No. 20), and motion for court to listen to audio file (Doc. No. 21), should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'" Id.  Additionally, any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 24, 2023

cc:  Daniel L. Chase, pro se
     Kevin Getchell Moynihan, Esq.
     Frederick F. Costlow, Esq.