UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Daniel Chase

      v.                         Case No. 23-cv-296-JNL

Frederick Costlow,
The City of Bangor,
John C. Nivison, and
John A. Woodcock, Jr.

## REPORT AND RECOMMENDATION

On March 30, 2024, the court,[1] noting that more than 90 days had passed since the filing of the complaint and that the two remaining defendants – Judges Woodcock and Nivison – had not been served, ordered plaintiff Daniel Chase to show cause why this case should not be dismissed.[2] (Doc. No. 37). After receiving a deadline extension, Mr. Chase timely responded. (Doc. No. 40). As explained more fully below, the court finds that Mr. Chase has not demonstrated good cause for failing to serve the defendants within the time limit imposed by the

---

[1] Following the recusal of all judges in the District of Maine, this case was referred to a judge sitting in the District of New Hampshire. See Referral Order (Doc. No. 8).

[2] Judge Laplante previously adopted the court's recommendation and granted defendants' Costlow and The City of Bangor's motions to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 36).

Federal Rules of Civil Procedure.  The undersigned Magistrate Judge therefore recommends, pursuant to Fed. R. Civ. P. 4(m), that the claims asserted against defendants Nivison and Woodcock be dismissed without prejudice.[3]

## Background

Mr. Chase filed his complaint (Doc. No. 1) on July 28, 2023. On August 2, 2023, the Clerk of Court issued summonses in-hand to Mr. Chase for service on the defendants. Pursuant to Fed. R. Civ. P. 4(m), service was required to be completed within 90 days after the complaint was filed.  Defendants Costlow and Bangor timely filed motions to dismiss.[4] (Doc. Nos. 12 and 15).

On September 13, 2023, the Clerk's office sent Mr. Chase a notice containing the following language:

> NOTICE: Recently DANIEL L CHASE filed a pleading in this Court without representation of an attorney. Information regarding representing yourself is

---

[3] The earlier dismissals of Frederick Costlow and The City of Bangor, pursuant to Fed. R. Civ. P. 12(b)(6) were with prejudice. See Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 49 (1st Cir. 2014) (noting that, when the district court is "silent on the issue of prejudice," the Court of Appeals "presume[s] that such a dismissal was with prejudice").

[4] Mr. Chase did not file any proof of service with the court as to defendants Costlow and City of Bangor, as he was required to do. See Fed. R. Civ. P. 4(l)(1); District of Maine Handout for Self-Represented Parties . Handout for Self-Represented Parties | District of Maine | United States District Court (uscourts.gov) (last accessed Apr. 19, 2024). The defendants, however, raised no service issues in their motions to dismiss.

available on the Court's website at
https://www.med.uscourts.gov/handout-self-represented-parties including a Handout for Self-Represented Parties.

The court's website has a link to a document titled "Guidance Concerning Service of Process." This document goes into detail about the requirements and potential methods of proper service.  As particularly relevant here, the document notes that a United States government officer or employee cannot be asked to waive service and lists a separate section regarding "Service on . . . United States . . . Officer and Employees."

In his response to the show cause order, which the court issued more than 200 days after the complaint was filed, Mr. Chase said he "hired the sheriff's department to send service to [the defendants]."  Pltff. Resp. (Doc. No. 40) at 1. He further asserted that "service was refused by Woodcock and Nivison." Id. Mr. Chase attached affidavits from Sheriff's Department personnel involved in the referenced service. As to Judge Woodcock, the affidavit states that the service attempt at the federal courthouse in Bangor failed because Judge Woodcock was sitting in the Portland courthouse.  Id. at 6. As to Judge Nivison, the affidavit states only that a court employee "stated that [the officer] would not be able to serve Judge John Nivison at the Federal Court House . . . so we returned the paperwork to the person requesting service . . . ." Id. at 5.

Although the attempts at service took place in August and September 2023, the affidavits are dated March 27 and April 1, 2024. Mr. Chase asserts that

> I never knew about any problems with service to
> Woodcock or Nivison. I got a package from the
> Sheriff's department but had no idea what it was
> about, forgot I received it, and never looked at it
> until now. Being diagnosed with mild neurocognitive
> disorder I forget things and get confused far too
> often and far too easily. The Court could have easily
> forwarded the summons to both Woodcock and Nivison if
> necessary. If there was no way I could force the
> sheriff's department to serve those 2 men then there
> was no way I could do anything more about service. I
> paid my money and presumed the job of serving Woodcock
> and Nivison had been done.

Id. at 7.

## Discussion

### A.  Service Rules

Proper service of process is a prerequisite for litigating in federal court, and in its absence, a court lacks personal jurisdiction over the defendant unless the defendant has waived service or otherwise consented to personal jurisdiction. See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Rule 4 of the Federal Rules of Civil Procedure governs service of process. See Vázquez-Robles v. CommoLoCo, Inc., 757 F.3d 1, 4 (1st Cir. 2014).[5] If a defendant is not properly served

---

[5] Service may also be accomplished by "following state law for serving a summons ... in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). However, Maine's rule for serving an individual defendant, Me. R. Civ. P. 4(d)(1), does

within ninety days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Where, as here, the plaintiff has missed the ninety-day deadline, Rule 4(m) "offers two avenues for extending the prescribed time period for the service of a complaint, one mandatory, one discretionary." Martello v. United States, 133 F. Supp. 3d 338, 344 (D. Mass. 2015). As described above, a showing of good cause requires a court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). "[I]f there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." Martello, 133 F. Supp. 3d at 344 (citations and quotation marks omitted).  ). "[T]he plaintiff bears the burden of establishing . . . good cause . . . ." Thurlow v. York Hosp., No. 2:16-cv-179-NT, 2016 WL 4033110, at *1 (D. Me. July 27, 2016).  A finding of good cause typically requires the plaintiff to show, among other things, a reason outside his or her control that service could not be completed. See, e.g., Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir.

_____

not provide any additional or different methods of service than the federal rule.

1993) (holding that good cause existed when the plaintiffs "completed all of the steps within their power necessary to effectuate ... service" and relied on a "deputy sheriff's sworn representations" that he had served the defendant); Thurlow, 2016 WL 4033110, at *1 (finding no good cause because "[t]he Plaintiff had full control over the time and manner in which the Defendant was served and simply failed to timely effect service").

Finally, the Federal Rules have additional requirements when the defendants are federal actors. Fed. R. Civ. P. 4(i) requires a plaintiff suing a United States officer or employee in that person's individual capacity for an act or omission occurring in connection with the duties performed on the United States' behalf to serve the individual defendant pursuant to and to serve the United States.

To properly serve the United States, a plaintiff must deliver the summons and complaint to either the United States Attorney for the district where the action is brought or "an assistant United States attorney or clerical employee whom the United states attorney designates in a writing filed within the court clerk." Fed. R. Civ. P. 4(i)(1)(A)(i). In the alternative, the plaintiff may send a copy of the summons and complaint "by registered or certified mail to the civil-process clerk at the

United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(ii).

Next, the plaintiff must send the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." See Fed. R. Civ. P. 4(i)(1)(B). Lastly, "if the action challenges an order of a nonparty agency or officer of the United States," the party must send a copy of the summons and complaint "by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1)(C).

While Plaintiff does not indicate whether Judges Nivison and Woodcock are sued in their individual or official capacity, it is apparent that they are being sued for acts connected to the performance of their duties as Federal judges. Rule 4(i) is clear that a plaintiff serving the United States and its employees or officers, regardless of whether the officers or employees are served in their individual or official capacities, must perfect service on the United States by delivering a copy of the summons and the complaint to the United States attorney for the district where the action was commenced. Fed. R. Civ. P. 4(i)(1)-(3).

B.   Analysis

Given his failure to serve either the judicial defendants or the United States, Mr. Chase must demonstrate good cause for

an extension beyond the nearly six months that have passed since the original service deadline.  He has failed to do so. First, by his own admission, he did not read the "package from the Sheriff's Department," which presumably would have informed him of the inability to serve the defendants months before the expiration of the service deadline.  This is not a factor "outside his control." See Grosnick, 999 F.2d at 592.  Next, Mr. Chase has taken none of the other required actions that were entirely within his control, such as serving the United States, as Rule 4(i) requires.  Third, the necessity of complying with these rules was conveyed to Mr. Chase at the time the court issued the summonses, and he was directed to the court's website and Service Guidance document, the latter of which has a section dedicated to service on United States employees marked off in large, capitalized, bold type.

In sum, these factors persuade the court that Mr. Chase has failed to show "good cause" to further extend the long-expired time for service of process.  Moreover, the significant passage of time, combined with Mr. Chase's concession that he did not open the package from the Sheriff's office counsels against any discretionary relief.  The district judge should, therefore, dismiss this case without prejudice. See Fed. R. Civ. P. 4(m).

## Conclusion

Based on the foregoing, the district judge should dismiss this case without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

**SO ORDERED.**

Andrea K. Johnstone
United States Magistrate Judge

April 19, 2024

cc:  Daniel L. Chase, pro se
     Frederick F. Costlow, Esq.
     Kevin Getchell Moynihan, Esq.